The Honorable Bud Canada State Senator P.O. Box 2110 Hot Springs, AR 71914
Dear Senator Canada:
This is in response to your request for an opinion on the following questions:
 What procedures must a suburban improvement district formed pursuant to Act 41 of 1941, as amended (A.C.A. § 14-92-201 et seq.), follow in retaining legal services by attorneys on behalf of the district? Specifically, must such district request proposals from interested persons and firms? If so, what procedures must be observed?
A review of the cited Code sections has failed to yield any specific procedures for retaining legal counsel for the district. Arkansas Code Annotated § 14-92-214 (1987) states that "[t]he board of commissioners . . . shall pay a reasonable fee for legal services in organizing the district and for circulating petitions." Section 14-92-216 states, under subsection (a)(2), that "[t]he board may employ such engineers, attorneys, or other assistants as they find necessary. . . ." See also
A.C.A. § 14-92-216(b)(2) (1987). These provisions will, in my opinion, be controlling with respect to the district's employment of attorneys. In response to your questions, therefore, it is my opinion that there are no procedures established under state law in this regard. And specifically, there is no requirement that a district must request proposals from interested persons and firms.
Please note in this regard that I have enclosed a copy of Attorney General Opinion 93-210, which addresses the question of the applicability of A.C.A. §§ 19-11-801 through -805 to levee, drainage, and conservation districts in their procurement of professional services. Your specific question regarding requests for proposals suggests that these provisions be considered, wherein the use of competitive bidding for the procurement of, inter alia, legal services by "political subdivisions" is prohibited. See A.C.A. §§ 19-11-801 and -802 (Repl. 1994). Section19-11-802(a) states that a political subdivision "shall encourage firms . . . to submit annual statements of qualifications and performance data. . . ." The term "political subdivision" is not defined in §§19-11-801 through -805.
It was concluded in Opinion 93-210 that levee, drainage and conservation districts are not "political subdivisions" within the meaning of these provisions. The analysis employed therein will, in my opinion, similarly apply with respect to suburban improvement districts formed under A.C.A. § 14-92-201 et seq. As is the case with the suburban improvement district law, the specific law relating to drainage, levee, and conservation districts contains provisions relative to the employment of professional personnel such as engineers and attorneys. See Op. Att'y Gen. 93-210 at 3. It was concluded in Opinion 93-210 that these provisions would govern the employment of such professionals, and that there had been no implied repeal of such provisions by A.C.A. §§ 19-11-801 through -805. Similarly, in my opinion, the specific provisions of law regarding the power of suburban improvement districts to employ such attorneys "as they find necessary" will govern in this instance. See A.C.A. § 14-92-216, supra.
And, as noted above, there are no required procedures for selecting an attorney.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
Enclosure